T.C. Summary Opinion 2013-44

UNITED STATES TAX COURT

HARRIS CRAIG COHEN AND JENNIFER GAYLE COHEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18208-11S.                    Filed June 3, 2013.

Harris Craig Cohen and Jennifer Gayle Cohen, pro sese.

Karen E. Walkenhorst, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in Harris Craig Cohen's Federal income tax of $7,052 for tax year 2006. Respondent also determined a deficiency in petitioner and Jennifer Gayle Cohen's Federal income tax of $8,122 for tax year 2007.

After concessions,[1] the issues for decision are: (1) whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business, for tax year 2006, and whether petitioners are entitled to the same for tax year 2007; and (2) whether petitioner is entitled to deductions claimed on Schedule A, Itemized Deductions, greater than those respondent allowed for tax year 2006, and whether petitioners are entitled to the same for tax year 2007.

---

[1]Respondent concedes that petitioners are entitled to a deduction of $86 for books on their 2007 Schedule A. Petitioners did not provide any evidence at trial to substantiate the remaining $284 deduction for books that respondent disallowed for tax year 2007. Accordingly, that amount is deemed conceded by petitioners. See Rule 149(b). Respondent stipulated that petitioner made a cash charitable contribution of $60 in 2006. Accordingly petitioner is entitled to that amount as a deduction on his 2006 Schedule A. The parties stipulated that petitioner paid union dues of $975 in 2006 and $994 in 2007. Respondent previously allowed those amounts as deductions on the 2006 and 2007 Schedules A, and petitioner did not provide any evidence at trial to substantiate the disallowed portions of the deductions. Therefore, the disallowed portions are deemed conceded. See id.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts and accompanying exhibits by this reference. Petitioners lived in California when they filed the petition. Ms. Cohen is a party to this case because she filed a joint Federal income tax return with petitioner for the 2007 tax year.

In 2006 and 2007, the years in issue, petitioner was employed full time by EP Entertainment (EP) as a picture editor. In his job as a picture editor, petitioner created promotional videos for television shows. The promotional videos were generally 15 to 30 seconds long, and petitioner created them daily.

In 2004 petitioner established an LLC known as Untitled Productions (UP). Petitioner formed UP in order to produce small television pilot programs on speculation. Petitioner was the executive producer at UP, and he intended to film pilot programs and then set up meetings to try to sell the pilot programs to clients. The pilot programs that petitioner filmed were "basically small sales reels * * * kind of like reality TV short trailers." Petitioner did not receive any income from UP in 2006 or 2007, and he dissolved UP in 2008 because of lack of interest in the pilot programs.

Petitioner asserted that he filmed two pilot programs as executive producer for UP during 2006 and 2007. After filming, petitioner contacted producers that

he knew in the business to see whether they had any interest in his pilot programs. He talked to the producers about the concept and the idea; and if he presented the pilot program to a potential client, he presented a two-minute trailer of the program. Petitioner's testimony was vague about the years in which the pilot programs were actually filmed. The documents petitioner submitted to establish that he filmed the pilot programs in 2006 and 2007 instead indicate that he likely filmed the pilot programs in 2004 and not during the years in issue.

Petitioner maintained a home office during the years in issue. His employer, EP, did not require him to maintain a home office but did require that he log onto EP's servers to write scripts and start producing the promotional videos that he would create the following day at EP's offices. Petitioner typically worked 12 hours per day for EP. Of the 12 hours, petitioner worked about 3 hours per day from his home office. When petitioner was not working for EP at his home office, he used the same equipment and office for UP, the Schedule C activity. Petitioner used four or five computers in his home office.

Petitioner filed an individual return for tax year 2006 and a joint return for the 2007 tax year. On his 2006 return petitioner claimed a noncash charitable contribution deduction of $7,220. He also claimed a Schedule A deduction of $9,908 for unreimbursed employee expenses consisting of books, union and

professional dues, and vehicle expenses. Petitioner attached a Schedule C to his 2006 return for UP. He did not report gross receipts for the Schedule C activity, but he claimed expense deductions totaling $11,609 for depreciation and section 179 expenses, meals and entertainment, and "other expenses".

On their 2007 joint return, petitioners claimed Schedule A deductions of $11,600 for noncash charitable contributions and $6,906 for unreimbursed employee expenses consisting of books, union and professional dues, and home office expenses. Petitioners also claimed a Schedule A deduction of $2,421 for miscellaneous mileage. Petitioners attached a Schedule C to their 2007 return for UP. Petitioners did not report any gross receipts for the Schedule C activity, but they claimed expense deductions totaling $11,665 for depreciation and section 179 expenses, taxes and licenses, and "other expenses".

Respondent issued notices of deficiency for petitioner's 2006 tax year and petitioners' 2007 tax year on May 10, 2011. The notices of deficiency disallowed the following expenses for lack of substantiation:

## Schedule A

| Expense | 2006 | 2007 |
|---|---|---|
| Charitable contributions | $6,220 | $10,600 |
| Unreimbursed employee expenses (subject to 2% floor) | 8,501 | 5,717 |
| Miscellaneous itemized deductions (subject to 2% floor) | --- | 2,421 |

## Schedule C

| Expense | 2006 | 2007 |
|---|---|---|
| Depreciation | $5,767 | $5,133 |
| Meals and entertainment | 1,350 | --- |
| Taxes and licenses | --- | 800 |
| Other expenses | 4,492 | 5,732 |

## Discussion

The Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer generally bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioners do not contend that section 7491(a) shifts the burden of proof to respondent, nor does the record establish that petitioners satisfy the section 7491(a)(2) requirements.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. In order for an expense to be "necessary", it must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. An expense will be considered "ordinary" if it is a common or frequent occurrence in the type of business in which the taxpayer is involved. Deputy v. Du Pont, 308 U.S. 488, 495 (1940). To be engaged in a trade or business, an individual must be involved in an activity with continuity and regularity and the primary purpose for engaging in the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Taxpayers must keep sufficient records to substantiate any deductions claimed. Sec. 6001. As a general rule, if the trial record provides sufficient evidence that the taxpayer has paid or incurred a deductible expense but the taxpayer is unable to adequately substantiate the precise amount of the deduction

to which he is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is at his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate the amount, however, unless the taxpayer proves that he or she paid or incurred some deductible expense and provides some basis from which we can develop a reasonable estimate. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of expenses paid or incurred with respect to listed property, e.g., passenger automobiles or other property used as a means of transportation, section 274(d) overrides the Cohan doctrine and provides that these expenses are deductible only if the taxpayer meets stringent substantiation requirements. Secs. 274(d), 280F(d)(4); see Lewis v. Commissioner, 560 F.2d 973, 977 (9th Cir. 1977), rev'g on other grounds T.C. Memo. 1974-59; Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

I.    Schedules C

On his 2006 return, petitioner claimed, and respondent disallowed, deductions totaling $11,609 for Schedule C depreciation and section 179

expenses, meals and entertainment, and other expenses. Respondent determined that petitioner did not establish that the expenses were paid or incurred during the taxable year and that the expenses were not ordinary and necessary business expenses. On their 2007 return, petitioners claimed, and respondent disallowed, deductions totaling $11,665 for Schedule C depreciation and section 179 expense, taxes and licenses, and other expenses. Respondent determined that petitioners did not establish that the expenses were paid or incurred during the taxable year and that the expenses were not ordinary and necessary business expenses.

A.    Depreciation

Petitioner claimed, and respondent disallowed, a Schedule C deduction of $5,767 for depreciation expenses on his 2006 return. Petitioner attached to his return a Form 4562, Depreciation and Amortization, as well as a "2006 Federal Depreciation Schedule". The Form 4562 does not contain a description of the property for which petitioner claimed the depreciation expenses. The 2006 Federal Depreciation Schedule allocates the total depreciation expenses claimed for 2006 between machinery and equipment expenses of "misc cost-up exp" and "misc cost-up exp tv pilot", and miscellaneous expenses for "misc cost-up exp tv pilo".

Petitioners claimed, and respondent disallowed, a Schedule C deduction of $5,133 for depreciation expenses on their 2007 return. Petitioners attached to their return a Form 4562 as well as a "2007 Federal Depreciation Schedule". The Form 4562 claims a section 179 expense deduction of $604 for a "5-year laptop", and the 2007 Federal Depreciation Schedule allocates the remaining depreciation expenses claimed for 2007 between machinery and equipment expenses of "misc cost-up exp", "misc cost-up exp tv pilot", "tv project exp" and miscellaneous expenses for "misc cost-up exp tv pilo".

Section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear of property used in a trade or business. The purpose of the deduction for depreciation is to allow the taxpayer to recover over the useful life of the property its cost or other basis. United States v. Ludey, 274 U.S. 295, 300-301 (1927).

Pursuant to section 168(a), the depreciation deduction provided by section 167(a) is determined by using the applicable depreciation method, applicable convention, and the applicable recovery period. The period for depreciation of an asset begins when the taxpayer first places the asset into service. Sec. 1.167(a)-10(b), Income Tax Regs. Generally, depreciation is computed by using the cost of

the property as its basis. Secs. 167(c), 1011, 1012; sec. 1.167(g)-1, Income Tax Regs.

Petitioner attempted to substantiate the depreciation deductions with the two depreciation schedules, credit card statements from 2006 and 2007, and his testimony regarding the 2006 depreciation deductions. Petitioner testified that the "miscellaneous cost-up exp" listed on the 2006 depreciation schedule was for computer equipment such as hard drives, cables, tapes and CD burners that petitioner purchased to transfer videotapes into a digital format. Petitioner asserted that the "misc cost-up exp tv pilot" listed on his 2006 depreciation schedule was for computer decks and equipment that he rented or purchased for his project. Petitioner asserted that miscellaneous expenses for "misc cost-up exp tv pilo" on the 2006 depreciation schedule were incurred in 2006 and were associated with his production of a pilot program in that year.

There is nothing in the record that adequately identifies the assets for which petitioner claimed depreciation deductions for 2006 and 2007. The depreciation schedules are unclear in that they do not identify the property for which the depreciation deductions were claimed, and it is not clear from the credit card statements whether the items purchased were personal or business related. Furthermore, some of the items may be subject to the substantiation requirements

of section 274(d).  For those purchases, petitioner did not provide sufficient proof of the amounts expended, the time and place of acquisition, or the business purpose.  See sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., supra. Petitioner has not substantiated the claimed depreciation or section 179 expense deductions, and his testimony does not establish that he is entitled to a deduction for depreciation or section 179 expenses; nor does it provide a basis on which we might estimate those claimed deductions that are not subject to the substantiation requirements of section 274(d).  See Cohan v. Commissioner, 39 F.2d at 543-544. We sustain respondent's determination disallowing the deductions for depreciation and section 179 expenses for tax years 2006 and 2007.

B.      Meals and Entertainment

On his 2006 Schedule C petitioner claimed, and respondent disallowed, a deduction for $1,350 in meals and entertainment expenses.  A deduction is not allowed for meals and entertainment expenses unless the taxpayer properly substantiates:  (1) the amount of such expense, (2) the time and place of the expense, (3) the business purpose, and (4) the business relationship between the taxpayer and the persons being entertained.  Sec. 274(d).

To substantiate the claimed deduction for meals and entertainment expenses, petitioner offered credit card statements that he argues show payments

for business-related meals and entertainment. Some of the charges do bear the names of restaurants, but none of them reflects that the meals were business related. Some of the charges on the credit card statements have handwritten notations such as "Dinner Business-Chris" next to the charge for the purported business meal. Petitioner also offered business meal logs for both the 2006 and 2007 tax years. The logs list the date of the meal, the location, the first names of the people with whom petitioner had the meal, the reason for the meal, and the cost of the meal. The logs, which were not prepared at the time the expenses were incurred, were provided to respondent the day before trial.

Although the logs purport to set forth the amount and the date of each expense, petitioner admitted that the entries in the logs were not made at or near the time any expenses were incurred. Additionally, there is nothing in the record but petitioner's own testimony to indicate that the credit card charges for meals related to petitioner's business. We are not required to find this self-serving and unsupported testimony to be sufficient to prove that petitioner incurred meal and entertainment expenses in 2006. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). Petitioner's testimony did not contain specific information in detail about the meals and entertainment expenses, and petitioner

did not provide corroborative evidence of such expenses. See sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Furthermore, a noncontemporaneous log does not satisfy the requirements of section 274(d). Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Accordingly, respondent's determination that petitioner is not entitled to a deduction for meals and entertainment expenses is sustained.

### C. Taxes and Licenses

On their 2007 Schedule C petitioners claimed, and respondent disallowed, a deduction of $800 for taxes and licenses. To substantiate the expense, petitioner provided a copy of a personal check for $800, payable to the Franchise Tax Board. The exact date written on the check is illegible, but it is clear that the date is in June 2007. Petitioner also provided a copy of a personal check for $27, dated August 11, 2007, and payable to the City of Anaheim. We are satisfied that petitioner paid $800 to the Franchise Tax Board and $27 to the City of Anaheim in 2007, but the record does not reflect for what the $800 and the $27 were paid. The personal checks are insufficient to establish that these expenses were not personal, and therefore the expenses are not deductible. See sec. 262(a).

D.  Other Expenses[2]

Petitioner claimed, and respondent disallowed, Schedule C deductions totaling $4,492 for "other expenses" on his 2006 return.  Petitioner's claimed "other expenses" consist of $1,185 for cable expenses, $1,701 for cellular phone expenses, $698 for equipment rentals, $110 for miscellaneous expenses, $498 for repairs and maintenance, and $300 for software supplies.

On their 2007 return petitioners claimed, and respondent disallowed, Schedule C deductions totaling $5,732 for "other expenses".  Petitioners' claimed "other expenses" consist of $1,430 for cable expenses, $1,021 for cellular phone expenses, $331 for software supplies, $298 for admissions fees, $1,500 for convention expenses, $420 for Internet expenses, $419 for office supplies, $105 for parking, $88 for small equipment, and $120 for video rentals.

---

[2]To establish that the "other expenses" claimed for 2006 and 2007 on the Schedules C were ordinary and necessary business expenses, petitioner submitted a letter dated September 1, 2009, from the Director of Membership Services at the Motion Picture Editors Guild.  The letter is addressed "To Whom it May Concern" and describes a picture editor's job requirements and lists various expenses that "are an integral part of an editor's job and are requirements for meeting the expectations of their employers in an extremely demanding and competitive field." We are not persuaded that the letter establishes that the claimed "other expenses" are ordinary and necessary business expenses for petitioner's Schedule C activity, since petitioner was an executive producer and not a picture editor.

### 1.    Cellular Phone Expenses

Petitioner claimed deductions of $1,701 and $1,021 on the 2006 and 2007 Schedules C, respectively, for cellular phone expenses.  Such expenses are subject to heightened substantiation requirements.  See secs. 274(d), 280F(d)(4). Petitioner used his personal cellular phone to accept calls related to his business and provided copies of credit card statements and canceled checks showing payments to Verizon and Verizon Wireless to substantiate the expenses.  Petitioner did not provide an allocation between his business and personal use of the cellular phone.  Although petitioner provided records of payments for cellular phone expenses in 2006 and 2007, he failed to provide adequate records or other sufficient evidence to corroborate his claimed business use.  See sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Petitioner has not met the heightened substantiation requirements for his cellular phone expenses, and thus respondent's determination as to those expenses is sustained.

### 2.    Travel to Convention

Petitioners claimed, and respondent disallowed, a deduction of $1,500 for travel to Las Vegas for a convention in 2007.  Petitioner testified that he attended computer conventions and National Broadcast Association conventions in Las

Vegas and that he incurred airfare and hotel expenses. Although petitioner claimed travel expenses only on the 2007 Schedule C and not the 2006 Schedule C, petitioner submitted a log titled "Harris Cohen Conventions & Travel Expenses 2006 & 2007" listing the dates on which he incurred expenses for travel from Los Angeles to Las Vegas for both a convention in 2006 and a "b-roll shoot" in 2007. The logs he submitted also list charges for registration, transportation, and meals. Petitioner provided copies of credit card statements from both 2006 and 2007 with handwritten notations next to certain charges for airline tickets and hotel reservations. The credit card statements that show that airline ticket charges were incurred in 2006, and not the year for which the travel expenses are at issue.

Travel expenses are another type of expenditure to which the strict substantiation requirements of section 274(d) apply. Petitioner did not explain and the record does not show how the travel expenditures, if incurred, were ordinary and necessary business expenses. Petitioner did not introduce evidence to substantiate the expenditures under section 274(d) and is therefore not entitled to any deductions for travel expenses. Respondent's determination disallowing the deduction for convention expenses for tax year 2007 is sustained.

### 3.    Cable Expenses

Petitioner claimed, and respondent disallowed, deductions for cable expenses of $1,185 and $1,430 on the 2006 and 2007 Schedules C, respectively. Petitioner had cable in his entire home in 2006 and 2007, and he claimed deductions for the entire cable expense for each year on the Schedules C.  To substantiate the cable expenses, petitioner submitted copies of bank statements and canceled checks showing payments to "Direct TV".  Though petitioner incurred cable expenses during the years in issue, his testimony and the documents submitted do not establish that the cable expenses are ordinary and necessary business expenses for an executive producer.  We sustain respondent's determination disallowing the deductions for cable expenses.

### 4.    Equipment Rental

Petitioner claimed, and respondent disallowed, a Schedule C deduction of $698 for equipment rental for the 2006 taxable year.  Petitioner submitted several equipment rental agreements dated October 10, 2004, and credit card statements with handwritten notations of "equip rental" next to various charges.  Petitioner did not describe what equipment he rented and when, and nothing in the record establishes that the equipment rental expenses were incurred in 2006 or that they

were ordinary and necessary business expenses. We sustain respondent's determination disallowing the deduction for equipment rental.

### 5. Miscellaneous

Petitioner claimed, and respondent disallowed, a Schedule C deduction of $110 for miscellaneous expenses for the 2006 taxable year. Petitioner submitted several pages of credit card statements with handwritten notations such as "registration" and "actor search for TV pilot" next to certain charges. Nothing in the record establishes that these charges were for ordinary and necessary business expenses and not for personal expenses. Therefore, petitioner is not entitled to deduct the miscellaneous expenses for the 2006 taxable year.

### 6. Repairs and Maintenance

Petitioner claimed, and respondent disallowed, a Schedule C deduction of $498 for repairs and maintenance for the 2006 taxable year. To substantiate this deduction, petitioner submitted several pages of credit card statements with handwritten notations of "office repair" and "office supplies" next to certain charges. Petitioner also submitted a receipt dated April 29, 2007, for the purchase of an air conditioner that was purportedly for the home office. Nothing in the record establishes that repairs and maintenance charges were incurred in the year for which petitioner claimed the deduction, and petitioner has not established that

the expenses were ordinary and necessary for his business rather than personal. We sustain respondent's determination disallowing the deduction for repairs and maintenance.

### 7. Software Supplies

Petitioner claimed, and respondent disallowed, deductions for software supplies of $300 and $331 on the 2006 and 2007 Schedules C, respectively. Petitioner submitted copies of credit card statements with handwritten notations next to the charges for the purported software supplies, as well as a receipt for a stylus replacement shipped to Jennifer Colley. Nothing in the record establishes that these charges were not personal and that they were instead ordinary and necessary business expenses. We sustain respondent's determination disallowing the deductions for software supplies for tax years 2006 and 2007.

### 8. Admission Fees

Petitioners claimed, and respondent disallowed, a Schedule C deduction for admission fees for the 2007 taxable year. Petitioner testified that the admission fees were for the TV Academy and Arc Light Cinemas, and he submitted one page from a credit card statement with the handwritten notation "admissions" next to a $150 charge at TV Academy for "records video". Petitioner did not describe the purpose of the admission fees, so there is nothing in the record to establish that the

expenses were ordinary and necessary business expenses. Thus, respondent's determination disallowing the deduction for admission fees is sustained.

9.      Internet

Petitioners claimed, and respondent disallowed, a Schedule C deduction for Internet expenses for the 2007 taxable year. Petitioner testified that for his full-time job at EP he used the Internet at home to log onto EP's Web site to decide what portions of the videos to use in the promotions the following day. Petitioner submitted copies of canceled checks payable to Verizon and copies of pages from bank statements showing payments to Verizon.

Generally, a taxpayer who is an employee may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). An employee, however, cannot deduct such expenses to the extent that the employee is entitled to reimbursement from his employer. Id. at 7. In addition, section 6001 requires a taxpayer to maintain sufficient records to allow the determination of the taxpayer's correct tax liability.

Petitioners deducted the Internet expenses in relation to the Schedule C activity, but petitioner did not establish that Internet expenses were ordinary and necessary business expenses for that activity. Petitioner used the Internet for his

full-time job at EP, but his testimony did not establish whether he received reimbursement from his employer or had the right to obtain reimbursement from his employer for the Internet expenses. See id. We sustain respondent's determination disallowing the deduction for Internet expenses.

### 10. Office Supplies

Petitioners claimed, and respondent disallowed, a Schedule C deduction for office supplies for the 2007 taxable year. Petitioner submitted pages from credit card statements with handwritten notations next to charges at Office Depot, Staples, Circuit City, Lowes, Best Buy, and Target to substantiate the claimed deduction. Petitioner did not explain the charges and has not offered any evidence to establish that the reported expenses were ordinary and necessary business expenses. See sec. 162(a). Accordingly, we hold that petitioners are not entitled to a deduction for office supplies for the 2007 tax year.

### 11. Parking

Petitioners claimed, and respondent disallowed, a Schedule C deduction for parking for the 2007 taxable year. Petitioner did not substantiate the expense and has not offered any evidence to establish that the claimed parking expenses were ordinary and necessary business expenses. See id. Accordingly, we hold that petitioners are not entitled to a deduction for parking for the 2007 tax year.

12. Small Equipment

Petitioners claimed, and respondent disallowed, a Schedule C deduction for small equipment for the 2007 taxable year. To substantiate the claimed deduction, petitioner submitted a Best Buy receipt for an MP3 player. Though the receipt establishes that the expense was incurred, petitioner has not offered any evidence to establish that the expense was an ordinary and necessary business expense. See id. Accordingly, we hold that petitioners are not entitled to a deduction for small equipment for the 2007 tax year.

13. Video Rentals

Petitioners claimed, and respondent disallowed, a Schedule C deduction for video rentals for the 2007 taxable year. To substantiate the claimed deduction, petitioner submitted pages from credit card statements with handwritten notations next to charges for Netflix, "The Daily Grind Espres", and the Paramount Commissary. Petitioner testified that the video rental expense is "just DVD's that again in my industry are customary and ordinary to my job." Despite petitioner's testimony that the video rental expenses are "customary and ordinary", some of the charges on the credit card statements are not clearly for video rentals.

Petitioners deducted the video rental expenses for his Schedule C activity, but petitioner did not establish that these expenses were ordinary and necessary

business expenses for that activity. Petitioner's letter from the Motion Picture Editors Guild stated that someone with the job of "picture editor" is expected to keep up with movies to learn new techniques and to know who is working and on what project. Petitioner testified, however, that at his Schedule C activity he "was not an editor, [he was] the executive producer". Petitioner's testimony and documents do not establish that the video rental expenses were ordinary and necessary business expenses for the Schedule C activity. We are satisfied that petitioners did incur at least some video rental expenses in 2007 and that they may have been related to petitioner's full-time job as a picture editor, but petitioner did not establish whether he received reimbursement from his employer or had the right to obtain reimbursement from his employer for the video rental expenses. See Lucas v. Commissioner, 79 T.C. at 7. We sustain respondent's determination disallowing the deduction for video rental expenses.

II.    Schedules A

    A.    Charitable Contributions

Petitioner deducted noncash charitable contributions of $7,220 for the 2006 taxable year, and respondent disallowed $6,220 of that amount. Petitioner reported noncash contributions of $720 to Council Thrift Shops on September 4, 2006, and $6,500 to Goodwill on June 20, 2006. Petitioners deducted noncash

charitable contributions of $11,600 for the 2007 taxable year, and respondent disallowed $10,600 of that amount. Petitioners reported noncash contributions of $7,805 to Council Thrift Shops on February 1, 2007, and $5,900 to Out of the Closet on December 16, 2007.

A taxpayer generally may deduct charitable contributions made during the taxable year. Sec. 170(a). Charitable contributions, however, are deductible only if verified under regulations prescribed by the Secretary. Sec. 170(a)(1); Hewitt v. Commissioner, 109 T.C. 258, 261 (1997), aff'd without published opinion, 166 F.3d 332 (4th Cir. 1998). For charitable contributions made in property other than cash, in general, the value of the contribution is the fair market value at the time of contribution. Hewitt v. Commissioner, 109 T.C. at 261; sec. 1.170A-1(c)(1), Income Tax Regs. The fair market value of contributed property is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. Sec. 1.170A-1(c)(2), Income Tax Regs.

For any claimed charitable contribution deduction of $250 or more, the taxpayer must obtain a contemporaneous written acknowledgment from the donee. Sec. 170(f)(8)(A). Section 170(f)(8)(B) provides that the contemporaneous written acknowledgment must include the following:

(B) Content of acknowledgment.--An acknowledgment meets the requirements of this subparagraph if it includes the following information:

(i) The amount of cash and a description (but not value) of any property other than cash contributed.

(ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

(iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) or, if such goods or services consist solely of intangible religious benefits, a statement to that effect.

Section 170(f)(8)(C) provides that a written acknowledgment is contemporaneous when the taxpayer obtains it on or before the earlier of: (1) the date the taxpayer files a return for the year of contribution; or (2) the due date, including extensions, for filing that return.

In addition to the written acknowledgment requirement, the regulations establish a three-tier recordkeeping system for contributions of property other than money. For a noncash contribution of $500 or less, the taxpayer must substantiate the contribution with a receipt from the donee indicating the donee's name, the date and location of the contribution, and "[a] description of the property in detail reasonably sufficient under the circumstances." Sec. 1.170A-13(b)(1), Income Tax Regs. If the taxpayer makes a charitable contribution of property other than

money and claims a deduction in excess of $500, the taxpayer must maintain written records showing the manner of acquisition of the item, the approximate date of acquisition, and the cost or adjusted basis of the property. Sec. 1.170A-13(b)(3), Income Tax Regs.; see also Lattin v. Commissioner, T.C. Memo. 1995-233. Lastly, if the noncash contribution deduction exceeds $5,000, the taxpayer must (1) obtain a qualified appraisal for the contributed property, (2) attach a fully completed appraisal summary (i.e., Form 8283, Noncash Charitable Contributions) to the tax return on which the deduction is claimed, and (3) maintain records pertaining to the claimed deduction in accordance with section 1.170A-13(b)(2)(ii), Income Tax Regs. See sec. 1.170A-13(c)(2), Income Tax Regs.

Generally, the amount reported as a deduction for contributions of property is an aggregate amount for all similar items of property. See sec. 1.170A-13(c)(1)(i), Income Tax Regs. In 2006 petitioner's reported contributions fall into the general categories of clothing and housewares. Accordingly, we aggregate all items in these categories and consider the claimed deduction in both categories to exceed $500. Petitioner therefore needs to establish that he met the substantiation requirements applicable to deductions over $500. In 2007 petitioners' claimed contributions also fall into the general categories of clothing and housewares. Accordingly, we aggregate all items in these categories and consider the claimed

deduction for clothing to exceed $5,000 and the claimed deduction for housewares to exceed $500. Petitioners therefore need to establish that they met the substantiation requirements applicable to deductions over $5,000 for the clothing contributions, and that they met the substantiation requirements applicable to deductions over $500 for the housewares contributions.

Petitioner's noncash contributions of clothing and housewares in 2006 exceed $500, so he must introduce contemporaneous written acknowledgments as well as written records showing the manner of acquisition, the approximate date of acquisition, and the cost or adjusted basis of the contributed property. See sec. 1.170A-13(b)(3)(i), Income Tax Regs.; see also Lattin v. Commissioner, T.C. Memo. 1995-233. Petitioner introduced three receipts from Goodwill with lists of donated items and three receipts from Council Thrift Shops. Petitioner reported his cost or adjusted basis in the contributed items on his 2006 Form 8283 as $6,500 for the items donated to Council Thrift Shops and $18,000 for the items donated to Goodwill, and the date acquired for all of the items as "various". Petitioner reported the fair market values of the items donated to Council Thrift Shops and Goodwill as $720 and $6,500, respectively.

Petitioner did not provide the approximate dates of acquisition of the contributed items, and he introduced no documentation to corroborate his

calculation of his cost or adjusted basis in the contributed items. Petitioner failed to show that he had reasonable cause for not providing information regarding the acquisition dates or cost basis in the contributed items. See sec. 1.170A-13(b)(3)(ii), Income Tax Regs. Furthermore, petitioner testified that he calculated the fair market values of the contributed items by using the prices of similar items listed on eBay and Amazon. Petitioner submitted printouts of items for sale on eBay to support his calculations, but all of the printouts are dated either September 21 or 22, 2010. In the absence of corroborating evidence, we are not required to accept petitioner's self-serving testimony. See Shea v. Commissioner, 112 T.C. 183, 189 (1999).

To substantiate their 2007 contributions, petitioners introduced four receipts from Goodwill with lists of donated items, a receipt from Out of the Closet Thrift Stores with a list of donated items, and five receipts from Council Thrift Shops. Petitioners reported their costs or adjusted bases in the contributed items on their 2007 Form 8283 as $12,690 for the items donated to Council Thrift Shops and $5,900 for the items donated to Out of the Closet Thrift Stores. They reported the date acquired for all items as "various", and reported the fair market values of the items donated to Council Thrift Shops and Out of the Closet Thrift Stores as $7,805 and $3,795, respectively.

Petitioners did not provide the approximate dates of acquisition of the contributed items, nor did they introduce documentation to corroborate the calculations of the costs or adjusted bases in the contributed items. Furthermore, petitioners' deduction for clothing exceeded $5,000, but they did not obtain a qualified appraisal for the contributed property or maintain records pertaining to the claimed deduction in accordance with section 1.170A-13(b)(2)(ii), Income Tax Regs. See sec. 1.170A-13(c)(2), Income Tax Regs. In the absence of corroborating evidence, we are not required to accept petitioner's self-serving testimony. See Shea v. Commissioner, 112 T.C. at 189. Accordingly, we sustain respondent's determination disallowing the deductions for noncash charitable contributions of $6,220 and $10,600 for tax years 2006 and 2007, respectively.

### B. Unreimbursed Employee Business Expenses

#### 1. Vehicle Expenses

Petitioner claimed, and respondent disallowed, an unreimbursed employee business expense deduction for vehicle expenses of $8,231 on his 2006 Schedule A. Petitioners claimed, and respondent disallowed, a deduction of $2,421 for "misc mi" on their 2007 Schedule A. Passenger automobiles and any other property used as a means of transportation are listed property, see sec. 280F(d)(4)(A)(i) and (ii), and these expenses are subject to the strict substantiation

requirements of section 274(d). Section 274(d) requires a taxpayer to substantiate the expenses by adequate records or other corroborating evidence of (1) the amount of each use (i.e., the mileage), (2) the time and place of the use, and (3) the business purposes of the use. See Fessey v. Commissioner, T.C. Memo. 2010-191, slip. op. at 7; sec. 1.274-5T(b)(6), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Petitioner submitted several service invoices from Cerritos Nissan to substantiate the claimed vehicle expense deduction for tax year 2006 and the claimed miscellaneous mileage deduction for tax year 2007. Petitioner also submitted pages from credit card statements that show charges at Cerritos Nissan. The invoices list the vehicle's mileage at the time it was dropped off at the service center, and at the time it was picked up. Petitioner submitted recently created mileage logs for both 2006 and 2007, and provided the logs to respondent the day before trial.

Petitioner did not establish that he did not receive reimbursement and did not have the right to obtain reimbursement from his employer for the vehicle expenses or the miscellaneous mileage expenses. See Lucas v. Commissioner, 79 T.C. at 7. Petitioner's mileage logs and credit card statements do not substantiate the vehicle expense deduction claimed for 2006 or the miscellaneous mileage

deduction claimed for 2007. Petitioner did not establish the business purpose of the use of his vehicle and we do not find his mileage logs to be credible. Petitioner admitted that there were mistakes in the logs, and his credit card statements establish that he incurred charges in Hawaii on the same dates that he claimed to have driven business miles in California. While we believe that petitioner did use his vehicle for some business travel, he failed to substantiate the amount of his business mileage and vehicle expenses as required by section 274(d). Consequently, we sustain respondent's determination that petitioner is not entitled to deduct any amount for vehicle expenses for 2006 or miscellaneous mileage for 2007.

### 2. Business Use of Home

Petitioners claimed, and respondent disallowed, home office deductions totaling $5,291 for rent, repairs and maintenance, and utilities on their 2007 Schedule A.

In general, a taxpayer is not entitled to deduct any expenses related to the use of a dwelling unit used by the taxpayer as a residence during the taxable year. See sec. 280A. Expenses attributable to a home office are excepted from this general rule, however, if the expenses are allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business

for the taxpayer's trade or business. See sec. 280A(c)(1); Lofstrom v. Commissioner, 125 T.C. 271, 278 (2005). If the taxpayer is an employee, the exception under section 280A(c)(1) will apply only if the home office is maintained for the convenience of the employer. See Hamacher v. Commissioner, 94 T.C. 348, 353-354 (1990). An employee satisfies this requirement when the employee maintains the home office as a condition of his employment or as necessary for the functioning of the employer's business or as necessary for the employee to properly perform his duties. Id. at 358. The home office must not, however, "be 'purely a matter of personal convenience, comfort, or economy' with respect to the employee." Id. (quoting Sharon v. Commissioner, 66 T.C. 515, 523 (1976), aff'd, 591 F.2d 1273 (9th Cir. 1978)).

Petitioner does not claim and has not established that during 2007 the home office was used exclusively on a regular basis as the principal place of business for either petitioner or that the home office was maintained for the convenience of either of their employers. Petitioner's employer, EP, did not require him to maintain a home office. The fact that petitioner used the home office for business purposes as he claims is insufficient to allow any deduction attributable to that use. See Lofstrom v. Commissioner, 125 T.C. at 278. Petitioners are not entitled

to a home office deduction for 2007, and respondent's determination in this regard is sustained.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.